UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KEVIN DARNLEY,

       Plaintiff,

v.                           Case No:  5:14-cv-134-Oc-CM

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____

## OPINION AND ORDER

Plaintiff Kevin Darnley appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claims for a period of disability insurance benefits ("DIB") and supplemental security income ("SSI"). For the reasons discussed herein, the decision of the Commissioner is reversed and this matter is remanded to the Commissioner pursuant to 42 U.S.C. § 405(g), sentence four.

### I.    Issues on Appeal

Plaintiff raises two issues on appeal: (1) whether the Administrative Law Judge ("ALJ") applied the correct legal standard when he found Plaintiff not disabled based on Medical-Vocational Rules 202.18 and 202.11 rather than calling a vocational expert ("VE") to testify; and (2) whether the ALJ erred by failing to include Plaintiff's left eye limitations and need for a cane in the residual functional capacity ("RFC") assessment.

## II.    Procedural History and Summary of the ALJ's Decision

On February 24, 2011, Plaintiff filed applications for DIB and SSI alleging that he became disabled and unable to work on January 1, 2008.   Tr. 158-70.   The Commissioner denied his claims initially on June 23, 2011 and upon reconsideration on August 26, 2011.   Tr. 94-98, 100-05, 108-12, 114-18.   Plaintiff requested and received a hearing before ALJ Douglas A. Walker on July 27, 2012, during which he was represented by an attorney.   Tr. 5-6, 27-49.   Plaintiff testified at the hearing.

On August 23, 2012, the ALJ issued a decision finding that Plaintiff is not disabled and denying his claim.   Tr. 10-22.   The ALJ first determined that Plaintiff meets the insured status requirements of the Social Security Act through June 30, 2010.   Tr. 12.   At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 1, 2008, the alleged onset date ("AOD"). *Id.*   At step two, the ALJ determined that Plaintiff had the following severe impairments:   loss of visual acuity (left eye), bilateral knee pain and back disorder. *Id.*   At step three, the ALJ concluded that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."   Tr. 15.

The ALJ then determined that "[Plaintiff] has the RFC to perform less than a full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: He can lift and carry 20 pounds occasionally, and 10 pounds frequently with only occasional bending, stooping, balancing, crouching, and crawling." *Id.*   The ALJ found that Plaintiff should have some pain and/or limitations because of his

impairments but his statements concerning the severity or limiting effects of the symptoms are not entirely credible.   Tr. 20.   The ALJ then found that Plaintiff is unable to perform any past relevant work ("PRW") as a Supervisor (Home Improvement) but found that there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform.   Tr. 20-21.   Thus, the ALJ found that Plaintiff is not disabled and denied his claim.   Tr. 22.

Following the ALJ's decision, Plaintiff filed a request for review by the Appeals Council, which was denied on January 18, 2014.   Tr. 1-4.   Accordingly, the ALJ's August 23, 2012 decision is the final decision of the Commissioner.   Plaintiff filed an appeal in this Court on March 5, 2014.   Doc. 1.

## III.   Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected either to result in death or last for a continuous period of not less than twelve months.   42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a).   The Commissioner has established a five-step sequential analysis for evaluating a claim of disability.   *See* 20 C.F.R. § 404.1520. The claimant bears the burden of persuasion through step four, and, at step five, the burden shifts to the Commissioner.   *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

"The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision."   *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir.

1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).   The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence.   *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote*, 67 F.3d at 1560 (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted).   The Commissioner's findings of fact are conclusive if supported by substantial evidence.   42 U.S.C. § 405(g).

Accordingly, where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision.   *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).

## IV.   Analysis

### A. Whether the ALJ applied the correct legal standard when he found Plaintiff not disabled based on Medical-Vocational Rules 202.18 and 202.11 rather than calling a VE to testify.

The ALJ determined that the Medical-Vocational rules support a finding that Plaintiff is not disabled.  Tr. 21.  The ALJ found that, considering Plaintiff's age, education, work experience and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  *Id.*  The ALJ also noted that, although Plaintiff is not capable of performing the full range of light work, his "additional limitations have little or no effect on the occupational base of unskilled light work."  Tr. 15, 21.

Plaintiff argues that the ALJ's findings are not supported by substantial evidence because the ALJ relied exclusively on the grids, and that testimony of a VE was required because the ALJ found that Plaintiff could perform less than a full range of light work.  Doc. 19 at 7-8.  The Commissioner responds that the ALJ properly relied upon grid rules §§ 202.18 and 202.11 to determine that Plaintiff is not disabled, because he correctly found that "Plaintiff's non-exertional limitations (i.e., occasional bending, stooping, balancing, crouching, and crawling) did not significantly erode the occupational base."[1]  Doc. 20 at 10.

---

[1] "In the disability programs, a nonexertional impairment is one which is medically determinable and causes a nonexertional limitation of function or an environmental restriction.   Nonexertional impairments may or may not significantly narrow the range of work a person can do."   SSR 83-14, 1983 WL 31254 at *1 (S.S.A. 1983).   Non-exertional limitations affect a claimant's ability to meet the demands of jobs, other than strength demands.   20 C.F.R. § 404.1569a(c).

In a disability determination, once a claimant proves that he can no longer perform his past relevant work, "the burden shifts to the Commissioner to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform." *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999). One way for the Commissioner to carry this burden is through an application of the Medical-Vocational Guidelines, also known as the "grids." *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2.

The ALJ noted that when a claimant, such as in this case, cannot perform substantially all of the exertional demands of a given work level and/or has non-exertional limitations, the grids are used as a framework for decision making unless there is a rule that directs a conclusion of "disabled" without considering the additional exertional and/or non-exertional limitations. Tr. 21; *see Wolfe v. Chater*, 86 F.3d 1072, 1077 (11th Cir. 1996).

"'[E]xclusive reliance on the grids is not appropriate either when [the] claimant is unable to perform a full range of work at a given residual functional level or when a claimant has non-exertional impairments that significantly limit basic work skills.'" *Phillips v. Barnhart,* 357 F.3d 1232, 1242 (11th Cir. 2004) (quoting *Francis v. Heckler*, 749 F.2d 1562, 1566 (11th Cir. 1985)). "It is only when the claimant can clearly do unlimited types of light work that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy." *Allen v. Sullivan*, 880 F.2d 1200, 1202 (11th Cir. 1989); *See also Phillips*, 357 F.3d at 1242. Accordingly, "[w]hen a claimant cannot perform a full

range of work at a given level of exertion or has non-exertional impairments that significantly limit basic work skills, the preferred method of demonstrating that a claimant can perform other jobs is through the testimony of a VE." *Smith*, 272 Fed. App'x. at 799-800 (citing *Jones*, 190 F.3d at 1229). If non-exertional impairments are minor or are found to be not credible, however, exclusive reliance on the grids is appropriate. *Heatly v. Comm'r of Soc. Sec.*, 382 Fed. App'x. 823, 826 (11th Cir. 2010). "An ALJ's conclusion that a claimant's limitations do not significantly compromise his basic work skills or are not severe enough to preclude him from performing a wide range of light work is not supported by substantial evidence unless there is testimony from a vocational expert. It [is] therefore error to rely upon the grids." *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (internal citations omitted).

An ALJ must make a specific finding as to whether non-exertional limitations significantly limit a claimant's basic work skills. *Johnson v. Colvin*, 2015 WL 1423127 *3 ( M.D. Fla 2015) (citing *Walker v. Bowen*, 826 F.2d 996, 1003 (11th Cir. 1987)). In *Johnson*, the ALJ found that the claimant had the RFC to perform light work, "except that he was able to only occasionally crouch, stoop, balance, crawl, kneel, climb ladders, ropes, scaffolds, ramps, and stairs." *Johnson*, 2015 WL 1423127 *3. The ALJ concluded that the claimant's limitations "'would not significantly erode the occupational base.'" *Id.* The Court found that the ALJ's explanation did not expressly address whether those non-exertional limitations significantly limited the claimant's works skills and did not equate to a finding that the claimant could perform a full range of light work. *Id.* The Court held that remand was appropriate

so the ALJ could determine whether the claimant's non-exertional impairments significantly limited his basic work skills.   *Id.*

Here, the ALJ specifically found that "[Plaintiff] has the residual functional capacity to perform *less than a full range* of light work."   Tr. 15 (emphasis added). The ALJ determined that Plaintiff can lift and carry 20 pounds occasionally and 10 pounds frequently with only occasional bending, stooping, balancing, crouching and crawling.   *Id.*   Without further explanation, the ALJ summarily found that Plaintiff's "additional limitations have little or no effect on the occupational base of unskilled light work."   Tr. 21.   Similar to ALJ's deficient explanation in *Johnson*, this explanation also does not expressly address whether Plaintiff's non-exertional limitations significantly limit his basic work skills.   *Johnson*, 2015 WL 1423127 *3. This explanation also does not equate to a finding that Plaintiff can perform an unlimited range of light work.   *Id.*   Thus, remand is necessary for the ALJ to make this finding.   *Id.*

Moreover, because the ALJ determined that Plaintiff is capable of *less than a full range* of light work, the testimony of a VE was required at step five to determine the degree, if any, of the reduction of the occupational base available to Plaintiff given his RFC and additional limitations.   Accordingly, the Court finds that the ALJ's RFC finding is not supported by substantial evidence.

> B. *Whether the ALJ erred by failing to include Plaintiff's left eye limitations and need for a cane in the RFC assessment, and failing to consult a VE.*

> 1. *Visual Limitations*

Plaintiff next argues that the ALJ failed to consider the impact his visual limitations would have on Plaintiff's RFC.   Doc. 19 at 7.   Specifically, Plaintiff argues that the ALJ found that his loss of visual acuity in his left eye was a severe impairment but the ALJ failed to account for functional limitations arising from his vision loss.   *Id.* at 9.   Plaintiff also asserts that because of this non-exertional impairment, the ALJ should have utilized a VE when determining Plaintiff's RFC. *Id.* at 7-9.   The Commissioner counters that the ALJ properly accommodated Plaintiff's visual limitations in limiting him to light work with only occasional bending, stooping, balancing, crouching and crawling.   Doc. 20 at 7.   The Commissioner also asserts that the ALJ was not required to assess limitations that were not indicated in the record medical evidence.   *Id.*

When an impairment does not meet or equal a listed impairment at step three, as in this case, the ALJ will proceed to step four to assess and make a finding regarding the claimant's RFC based upon all the relevant medical and other evidence in the record.   20 C.F.R. § 404.1520(e).   Here, the ALJ found that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, and Appendix 1."   Tr. 15.   The ALJ then proceeded to assess and make a finding regarding the claimant's RFC.   The RFC is the most that a claimant can do despite

his limitations. *See* 20 C.F.R. § 404.1545(a)(1). The ALJ is required to assess a claimant's RFC based on all of the relevant evidence in the record, including any medical history, medical signs and laboratory findings, the effects of treatment, daily activities, lay evidence and medical source statements. *Id.* At the hearing level, the ALJ has the responsibility of assessing a claimant's RFC. *See* 20 C.F.R. § 404.1546(c). The determination of RFC is within the authority of the ALJ; and the claimant's age, education and work experience are considered in determining the claimant's RFC and the claimant's ability to return to past relevant work. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1520(f)). The RFC assessment is based upon all the relevant evidence of a claimant's remaining ability to do work despite impairments. *Phillips v. Barnhart*, 357 F.3d at 1238; *Lewis*, 125 F.3d at 1440 (citing 20 C.F.R. § 404.1545(a)).

In his decision, the ALJ found that Plaintiff retained the ability to perform light work, with specific limitations. Tr. 18. In doing so, he noted he considered the "entire record." Tr. 15. Contrary to Plaintiff's assertions, the ALJ considered Plaintiff's visual impairments in his opinion. Tr. 16, 17, 19. The ALJ noted that Plaintiff had a visual acuity of 20/200 in the left eye and 20/20 in the right eye with corrective lenses. Tr. 16, 251. The ALJ also noted that Plaintiff enjoys watching television. Tr. 19. Notably, no restrictions have been placed on Plaintiff by his doctors due to his visual impairments. The record reveals that his vision can be improved with correction, which belie Plaintiff's contentions that this non-exertional impairment significantly limits his basic work activities. Tr. 17. Thus, the Court

finds that the ALJ properly considered Plaintiff's visual impairments when determining his RFC, and his decision that these impairments do not preclude Plaintiff from working is supported by substantial evidence in the record. Because the Court finds, however, that remand is appropriate for the ALJ to make a specific finding as to whether Plaintiff's nonexertional limitations significantly limit his basic work skills, the Court will direct the Commissioner to reevaluate Plaintiff's visual limitations when determining Plaintiff's RFC.

### 2.  Ability to Ambulate

Finally, Plaintiff asserts that the ALJ failed to consider his need for a cane when the ALJ determined his RFC. Doc. 19 at 10. Plaintiff states that Dr. Poole prescribed him a cane for assistance with walking due to his osteoarthritis of the knees and degenerative joint disease of the spine. *Id.* The Commissioner responds that the record does not substantiate Plaintiff's claim that he requires a cane to ambulate. Doc. 20 at 8.

As noted above, the RFC assessment is based upon all the relevant evidence of a claimant's remaining ability to do work despite impairments. *Phillips v. Barnhart*, 357 F.3d at 1238; *Lewis*, 125 F.3d at 1440 (citing 20 C.F.R. § 404.1545(a)). Here, the ALJ noted in his opinion Plaintiff was ambulatory without assistance when he went to his consultative examination with Dr. Samer Choksi, M.D. on June 10, 2011. Tr. 17, 20. The ALJ fails, however, to mention that subsequent to Dr. Choksi's examination Plaintiff was prescribed a cane for assistance with walking. Tr. 305. The Commissioner asserts that the medical evidence shows Plaintiff consistently had

a normal gait and ambulated without an assistive device and that the record does not contain any other reference to a cane.   Doc. 20 at 8.

Because the Court has already determined that remand is warranted and there is some indication in the record regarding Plaintiff's need for a cane, the Court will direct the ALJ to consider Plaintiff's need for a cane when determining his RFC.

V.   Conclusion

Upon review of the record, the undersigned concludes that the ALJ failed to apply the proper legal standards when he failed to make a specific finding as to whether Plaintiff's nonexertional limitations significantly limit Plaintiff's basic work skills.   Moreover, the ALJ failed to obtain testimony from a VE after finding that Plaintiff cannot perform a full range of light work.   Therefore, the Court finds that the ALJ's decision is not supported by substantial evidence.

ACCORDINGLY, it is hereby

**ORDERED:**

1.   The decision of the Commissioner is **REVERSED** and this matter is **REMANDED** to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g); for the Commissioner to:

> A. make a specific finding as to whether Plaintiff's nonexertional limitations significantly limit Plaintiff's basic work skills;
>
> B. consider whether, given Plaintiff's impairments, there are jobs in the national economy that Plaintiff can perform by calling a vocational expert to testify;
>
> C. consider Plaintiff's visual limitations and need for a cane when determining his RFC;

D. make any other determinations consistent with this Opinion and Order, or in the interest of justice.

2.     The Clerk of Court is directed to enter judgment in favor Plaintiff Kevin Darnley, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 29th day of September, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record

- 13 -